```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                  EASTERN DIVISION
```

**KENNETH L. MORRIS,**

      Petitioner,

  vs.                           Civil Action 2:14-cv-1888
                                  Judge Marbley
                                  Magistrate Judge King

**WARDEN, FRANKLIN MEDICAL CENTER,**

      Respondent.

## ORDER

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Petition*, ECF 2. On October 15, 2014, the United States Magistrate Judge recommended that the *Petition* be dismissed for failure to state a claim for habeas corpus relief. *Order and Report and Recommendation*, ECF 3. This matter is now before the Court on petitioner's objection to that recommendation. *Objection*, ECF 5. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

The *Petition* alleges simply,

> "No state substantive law invoked in this case in violation of the Fourt[h] and Fourteenth Amendment. No public record of any substantive law which comports with the Fourth Amendment. Thereby denying me the due process of law.

*Id*. at PAGEID# 8. As noted by the Magistrate Judge, the *Petition* contains no facts in support of his claim that he is in custody in violation of the Constitution or laws of the United States.

In his objections, petitioner argues that "no substantive law was

1

invoked in this case." *Objection*, PageID# 39.  Petitioner also contends that he "is entitled to hear from the Respondent."  *Id*., PageID# 40.

This Court agrees with the Magistrate Judge that the *Petition*, even liberally construed, alleges no facts whatsoever that would support a claim that petitioner was convicted in violation of the Constitution or laws of the United States. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (A petition must, among other things, "state the facts supporting each ground. . . ."). Simply put, the *Petition* does allege a basis for concluding that petitioner is entitled to relief, nor does it present a "'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977)(quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases).

Petitioner's objection to the *Report and Recommendation* is **DENIED**. The *Report and Recommendation*, ECF 3, is **ADOPTED AND AFFIRMED**. This action is **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Moreover, the Court **DECLINES** to issue a certificate of appealability.

s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge

2